**UNITED STATES of America,**
**Appellee,**

v.

**William PAQUIN, Defendant–**
**Appellant.**

No. 06–0412–cr.

United States Court of Appeals,
Second Circuit.

Feb. 2, 2007.

Carl G. Eurenius, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York, on the brief, Elizabeth S. Riker, Assistant United States Attorney, of counsel), Syracuse, NY, for Appellee.

George F. Hildebrandt, Syracuse, NY, (Brendan O'Donnell, on the brief), for Defendant–Appellant.

PRESENT: Hon. AMALYA L. KEARSE, Hon. SONIA SOTOMAYOR, Circuit Judges, Hon. MIRIAM GOLDMAN CEDARBAUM, District Judge.*

### SUMMARY ORDER

Defendant-appellant William Paquin appeals from the judgment of conviction and the denial of several post-trial motions by the United States District Court for the Northern District of New York (Hurd, J.). We presume the parties' familiarity with the factual and procedural background of this case and the issues raised on appeal.

■ Paquin first claims that the district court erred in admitting the testimony of a government expert witness to show the quantity of methamphetamine that could be made from the ephedrine and pseudoephedrine attributed to him, because the witness did not test any materials collected from the apartment and was not familiar with Paquin's drug-manufacturing skills or success rate. The witness, Paquin alleges, lacked sufficient facts or data and did not

* The Honorable Miriam Goldman Cedarbaum, District Judge, of the United States District Court for the Southern District of New York, sitting by designation.

apply his principles and methods reliably to the facts of the case, as required for the admission of expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

We review a district court's decision to admit expert testimony over objection for abuse of discretion. *United States v. Cruz*, 363 F.3d 187, 192 (2d Cir.2004). A district court's determination with respect to the admission of expert testimony "is not an abuse of discretion unless it is 'manifestly erroneous.'" *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir.2002) (quoting *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1042 (2d Cir.1995)). Here, the expert witness, a forensic chemist, testified regarding the production of methamphetamine from ephedrine and pseudoephedrine and, based on data provided by the government, offered his opinion as to how much methamphetamine could be manufactured from the precursor ingredients attributed to Paquin. The witness's "low estimate" was that, from 65.7 grams of ephedrine and pseudoephedrine attributed to Paquin, 32.8 grams of methamphetamine could have been produced. The witness further testified that he had not interviewed the appellant or others involved in the meth-manufacturing operation and did not know their level of expertise, and also that a number of factors would contribute to the exact quantity of drugs produced. The district court judge issued a thorough limiting instruction to the jury, stating that the witness "may testify as to some of the general principles, but you must take into consideration the circumstances surrounding this particular case and this particular individual, and not just generally what it is."

The admission of the expert witness's testimony, accompanied by the limiting instruction, was well within the district court's discretion. *See United States v. Snype*, 441 F.3d 119, 129 (2d Cir.2006) ("[T]he law recognizes a strong presumption that juries follow limiting instructions."). Expert testimony is admissible to "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702. Here, the expert witness's testimony regarding the quantity of drugs capable of being produced from the quantity of precursor chemicals attributed to Paquin was admissible to assist the jury in determining whether he had conspired to manufacture and possess with intent to distribute and distribute five or more grams of methamphetamine. Because Paquin was charged with conspiracy, testimony as to drug quantity need only have tended to prove how much Paquin agreed or intended to manufacture—not, as Paquin appears to claim, how much he in fact manufactured. The expert witness's testimony, including estimates based on his professional experience and uncontested data provided by the government, served this function and was thus appropriately admitted by the district court. *See United States v. Cavely*, 318 F.3d 987, 997 (10th Cir.2003) (upholding, over a *Daubert* objection, the district court's admission of similar expert testimony tending to prove the quantity of methamphetamine capable of being produced from a known quantity of pseudoephedrine).

■ Paquin next claims that there is insufficient evidence to support the jury's quantity finding and guilty verdicts, and that the district court's denial of his motions for judgment on these grounds was consequently erroneous. We review de novo the denial of a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29. *See United States v. Florez*, 447 F.3d 145, 154 (2d Cir.2006). When challenged on sufficiency grounds, a jury's factual finding and conviction will be affirmed if, viewing all the evidence in the light most favorable to the prosecution,

"the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 318, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). That is, a conviction will be affirmed if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319, 99 S.Ct. 2781.

Although the estimates offered by the government expert witness and Paquin's co-manufacturers as to how much methamphetamine was actually produced vary substantially, the record reasonably supports the jury's determination that Paquin conspired to produce five or more grams of methamphetamine. A rational trier of fact could infer from the quantity of precursor chemicals attributed to Paquin and the testimony regarding his skill as a cooker that he intended to produce five or more grams of methamphetamine. Moreover, a rational trier of fact could have found Paquin guilty of the charged offenses. Appellant first contends that the testimony of his co-manufacturers Patrick Armstrong and Aaron Whitmore was "so unbelievable that their testimony was not credible as a matter of law." Although their testimony was at times inconsistent, it was hardly incredible. Armstrong's testimony was detailed and generally consistent under cross-examination. Further, although Whitmore gave inconsistent responses concerning his criminal history and offered some details that are facially inconsistent with elements of Armstrong's account, his testimony corroborated essential elements of Armstrong's account and was itself corroborated by physical evidence collected by the police. Second, Paquin erroneously contends that nothing more than the testimony of Armstrong and Whitmore supports his conviction. The government adduced substantial physical evidence circumstantially implicating Paquin, and the jury heard testimony from his accomplices as well as from numerous government experts and the state police officer who interviewed Paquin on the night that 878 Mill Street was raided. Because this evidence reasonably supported the jury's verdict, the conviction must be affirmed.

Finally, Paquin contends that the jury's verdict was "not supported by proof beyond a reasonable doubt" and "was against the weight of the evidence." He contends that his motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 was therefore erroneously denied. We review a district court's denial of a Rule 33 motion for a new trial for abuse of discretion. *United States v. Rivas,* 377 F.3d 195, 199 (2d Cir.2004). At the outset, we note that, to the extent that Paquin claims that the jury's verdict was against the weight of the evidence, we decline to adjudicate this claim, as a challenge to "[t]he weight is a matter for argument to the jury, not a ground for reversal on appeal." *United States v. Roman,* 870 F.2d 65, 71 (2d Cir.1989). To the extent that his motion under Rule 33 rests on other grounds, we find no abuse of discretion by the district court. As this court has explained, "the ultimate test" under Rule 33 is "whether letting a guilty verdict stand would be a manifest injustice." *United States v. Canova,* 412 F.3d 331, 349 (2d Cir.2005) (internal quotation marks omitted). That is, "[t]here must be a real concern that an innocent person may have been convicted." *Id.* (internal quotation marks omitted). In light of the foregoing discussion of the sufficiency of the evidence against Paquin, we find no grounds for concern that he was erroneously convicted.

For the foregoing reasons, the judgment of conviction is AFFIRMED.